IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>      v.<br><br>JAVIER MITCHELL-HUNTER [5],<br><br>    Defendant. | CRIM. NO. 07-088 (CCC) |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

Defendants in this case were arrested on February 23, 2007, and subsequently charged in a two-count superseding indictment with aiding and abetting (Count One) and conspiracy (Count Two) in the possession with intent to distribute approximately 396 kilograms of cocaine and 123 kilograms of heroin on board a vessel subject to the jurisdiction of the United States (that is, a vessel without nationality) in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501, *et seq*. (Docket No. 39). On February 20, 2008, I entered a report and recommendation (Docket No. 140) recommending that the court deny defendants' motion to dismiss the indictment for lack of jurisdiction over the vessel. (Docket No. 104). Defendants did not file any objection to the report and recommendation, and this court adopted it on April 9, 2008 and denied the motion to dismiss. (Docket No. 152).

Nearly one year later, defendant Javier Mitchell-Hunter, through new counsel, filed a motion to reopen hearing on the motion to dismiss, and the government opposed. (Docket No. 266, 271). Mitchell-Hunter now argues that the government's use of a State Department certification to prove jurisdiction over the vessel pursuant to the MDLEA violates the Confrontation Clause of the Sixth Amendment and runs afoul of the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004). The matter was referred to me for a further report and recommendation by the presiding district judge. (Docket No. 278).

As I discussed in my previous report and recommendation, the MDLEA makes it unlawful for any person on board a vessel subject to the jurisdiction of the United States to "knowingly or

intentionally manufacture or distribute, or possess with intention to manufacture or distribute, a controlled substance." 46 U.S.C. §70503(a). A vessel is "subject to the jurisdiction of the United States" if it fits any of the enumerated categories in Section 70502(c), including "a vessel without nationality." The government has the burden of proving jurisdiction under the MDLEA. United States v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002).

Subsection (d)(1) of Section 70502 provides that "the term 'vessel without nationality' *includes* - (A) a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed; (B) any vessel aboard which the master or individual in charge fails, on request of an officer of the United States . . . , to make a claim of nationality or registry for that vessel; and (C) a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." 46 U.S.C. §70502(d)(1) (emphasis added). In short, when the nation of alleged registry cannot confirm the vessel's registration, the vessel qualifies as a "vessel without nationality" under the MDLEA and is within the jurisdiction of the federal courts of the United States. United States v. Bravo, 489 F.3d 1, 7 (1st Cir. 2007).

Courts have also noted that the MDLEA's list of mechanisms for finding a vessel to be without nationality is not exclusive and may be supplemented by international law. United States v. Acosta Valdez, 84 F.Supp. 2d 237, 238-39 (D.P.R. 1999). See also United States v. González, 311 F.3d 440, 449 (Torruella, J. concurring) (statute's list of ways vessel can be determined to be stateless is not exhaustive and may be supplemented by international law). Accordingly, this court held in Acosta Valdez that since under international law a vessel is without nationality if it is not authorized to fly the flag of any nation, then it would be considered stateless under the predecessor to the MDLEA when the claimed country of registry was unable to confirm registration after the vessel was seized. Acosta Valdez, 84 F. Supp. 2d at 239 (citing United States v. Rosero, 42 F.3d 166, 171 (3d Cir. 1994)).

United States v. Javier Mitchell-Hunter                                                                                    Page 3
Criminal No. 07-88 (CCC)
Supplemental Report and Recommendation

The MDLEA further provides that the denial or response to an inquiry regarding a claim of registry can be verified by radio, telephone, or similar oral or electronic means. Moreover, the denial of such a claim of registry by the claimed flag state is conclusively proved by certification of the Secretary of State or the Secretary's designee.[1] 46 U.S.C. §70502(c)(2); United States v. Robinson-Muñoz, 961 F.2d 300, 305 (1st Cir. 1992).

In this case, the facts gave rise to a dispute as to whether the master claimed that the vessel was registered with Colombia or whether he claimed it was registered with Venezuela. The government sought to obviate this factual dispute by admitting two declarations executed by United States Coast Guard ("USCG") Commander G. Philip Welzant. (Docket No. 132-2). The first declaration attests that the USCG inquired, via fax to the Colombian Navy, as to whether the go-fast vessel was registered in Colombia, and that the Colombian Navy responded via fax that it could neither confirm nor refute the master's claim of Colombian registry. The second declaration attests that in response to a January 15, 2008 request from the USCG, the Venezuelan Coast Guard could neither confirm nor refute Venezuelan registry for the vessel. (Docket No. 132-3). Both of Commander Welzant's statements are accompanied by certifications from the United States Department of State ascribing full faith and credit to his acts. (Docket No. 132-2, 132-3). Thus, the government contends that it is unnecessary to resolve whether the master claimed Colombian or Venezuelan registry, since neither flag nation could affirmatively and unequivocally assert that the vessel was of its nationality, making it stateless pursuant to 46 U.S.C. §70502(d)(1)(C). I relied on these declarations in determining that the government had jurisdiction over the vessel under the

---

[1] The statute as it read when the facts of this case arose (February 2007) stated only that the "denial" of a claim of registry may be proved conclusively by State Department certification, which appears to refer only to one of the three mechanisms included in the statute (46 U.S.C. §70502(d)(1)(A)) by which a vessel may be considered a "vessel without nationality." See 46 U.S.C. §70502(d)(2). Congress amended the statute effective January 28, 2008 to provide that any "response of a foreign nation to a claim of registry under paragraph (1)(A) or (C) . . . is proved conclusively by certification of the Secretary of State or the Secretary's designee." See 110 P.L. 181 § 3535(a)(6).

United States v. Javier Mitchell-Hunter                                                                                              Page 4
Criminal No. 07-88 (CCC)
Supplemental Report and Recommendation

MDLEA and in recommending that defendants' motion to dismiss be denied.[2]

Mitchell-Hunter now contends that such reliance violates the Confrontation Clause of the Sixth Amendment. In particular, he argues that the certifications are "replete with inadmissible hearsay" and that "[a]ny consideration or reliance on [them] by this Court would deprive the defendant of his constitutional right to confront the witnesses against him, as guaranteed by the Sixth Amendment of the Constitution." (Docket No. 266, p. 1). He argues that the persons from Colombia and Venezuela who purportedly failed to confirm the vessel's registration with those nations "at the very least . . . should be able to be cross-examined to ascertain the methods used and the reliability of their record-keeping system." Id. at 8.

Mitchell-Hunter's argument is mistaken for several reasons. Initially, the certifications are not inadmissible hearsay. The First Circuit recently held that a similar certificate issued pursuant to the MDLEA was "admissible under the hearsay exception for public records, see Fed. R. Evid. 803(8), and was self-authenticating, see Fed. R. Evid. 902(1)." United States v. Angulo-Hernández, No. 07-2428, slip op. at 19, -- F.3d -- (1st Cir. May 5, 2009). See also United States v. Guerrero, 114 F.3d 332, 340 (1st Cir. 1997). Moreover, Colombia's and Venezuela's failures to confirm or deny the vessel's registration are verbal acts (rather than statements offered for the proof of the matter asserted), and, therefore, are not hearsay. See e.g. United States v. Rojas, 53 F.3d 1212, 1216 (11th Cir. 1995) (to the extent certification under the MDLEA evidences Panama's consent, it is a verbal act and not hearsay). Thus, the certifications were properly admitted and considered.

Second, consideration of the certifications during a pretrial proceeding does not violate the Confrontation Clause. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

---

[2] After the government filed the two declarations, I conducted a status conference to determine the need for an evidentiary hearing. Counsel for defendants agreed with the government that no hearing was necessary and that the motion to dismiss could be resolved based on the court filings. (Docket No. 135). At that time, defense counsel voiced no objection to consideration of the declarations, nor did they request to cross-examine Commander Welzant or anyone providing responses on behalf of Colombia or Venezuela.

U.S. Const. amend. VI. Importantly, the Supreme Court has stated that the Sixth Amendment "right to confrontation is a *trial* right." Pennsylvania v. Ritchie, 480 U.S. 39, 52 (1987) (original emphasis). In a case involving sexual abuse of a minor, the Court held that the state's refusal, citing privacy concerns codified by statute, to disclose the relevant state agency investigative file did not violate the Confrontation Clause, rejecting defendant's argument that the state's failure to disclose that information inhibited his ability to effectively cross-examine adverse witnesses. Id. The Court held that the interpretation urged by defendant would have the effect of "transform[ing] the Confrontation clause into a constitutionally compelled rule of pretrial discovery." Id.

Jurisdiction over a vessel under the MDLEA is "not an element of the offense" but rather is a "preliminary question[] of law to be determined solely by the trial judge." 46 U.S.C. §70504(a); Angulo-Hernandez, slip op. at 18. Lower courts consistently have held that the Sixth Amendment right to confront adverse witnesses does not apply to pretrial proceedings. United States v. Harris, 458 F.2d 670, 677-78 (5th Cir. 1972) (no right of confrontation during preliminary hearing); United States v. Bibbs, 488 F.Supp. 2d 925, 926 (N.D. Cal. 2007) (no violation of right of confrontation during detention hearing); Pandales-Angulo v. United States, No. 8:01-CR-294-T, 2006 WL 1540259, at *5 (M.D. Fla. May 31, 2006) (right of confrontation did not apply to court's consideration of certifications under the MDLEA); United States v. Pate, 305 F.Supp. 225, 227 (N.D. Ill. 1969) (no Sixth Amendment confrontation right during suppression hearing). Moreover, a number of lower courts have rejected the proposition that the Supreme Court's decision in Crawford applies to pretrial hearings. See, e.g., Francischelli v. Potter, 03-cv-6091-ENV, 2007 U.S. Dist. LEXIS 19242, at *34 (E.D.N.Y. Mar. 12, 2007) ("the Court can find no authority applying Crawford to a suppression hearing"); Washburn v. United States, 05-CV-774-RM, 2006 U.S. Dist. LEXIS 90481 (N.D. Ind. Dec. 14, 2006) ("cases decided after Crawford v. Washington reaffirm the admissibility of hearsay statements at suppression hearings") (citing United States v. Del Rosario, 388 F.3d 1, 12 n.5 (1st Cir. 2004) (without referencing Crawford, stating, "testimony given at a suppression hearing is not subject to the usual proscriptions against hearsay evidence")); Pandales-

Angulo, 2006 WL 1540259, at *5 (Crawford does not apply to court's pre-trial consideration of a certification to prove jurisdiction under the MDLEA); United States v. Thompson, 05-CR-161-HEA-AGF, 2005 U.S. Dist. LEXIS 27763, at *18 (E.D. Mo. Nov. 14, 2005) ("*Crawford* does not change the long-standing prior precedent that permits the use of hearsay in preliminary proceedings dealing with the admissibility of evidence").

Therefore, neither the Sixth Amendment right to confront adverse witnesses, nor the Supreme Court's holding in Crawford, applies to the court's pre-trial consideration of the certifications offered to prove that the vessel was without nationality pursuant to the MDLEA. Pandales-Angulo, 2006 WL 1540259, at 5.[3]

Finally, to the extent that the defendants might have a right to cross examine Commander Welzant regarding the content of his declarations, I find that they have waived that right. As indicated above, during a status conference held before I issued my original report and recommendation I asked whether any of the defendants believed that an evidentiary hearing was necessary. No defendant objected to the court's consideration of Commander Welzant's certifications, and defense counsel indicated that a hearing was not necessary and that the jurisdictional issue could be resolved based on the filings before the court (Docket No. 135). Nor, as of the present date, has Mitchell-Hunter provided the court with any proffer of evidence that suggests that the content of the certifications is unreliable.

Given the foregoing, I recommend that the motion to reopen hearing and to supplement the motion to dismiss (Docket No. 266) be **DENIED.**

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Failure to file timely and specific objections

---

[3] I also note that the First Circuit recently stated that it "seriously doubt[s] that defendants can mount a Confrontation Clause challenge to the admission of the State Department's certificate" to prove jurisdiction under the MDLEA. Angulo-Hernández, slip op. at 20.

Case 3:07-cr-00088-CCC   Document 305   Filed 05/07/09   Page 7 of 7

**United States v. Javier Mitchell-Hunter**                                                                                          **Page 7**
**Criminal No. 07-88 (CCC)**
**Supplemental Report and Recommendation**

to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

    **IT IS SO RECOMMENDED**.

    In San Juan, Puerto Rico, this 7th day of May, 2009.


                                                *S/Bruce J. McGiverin*
                                                BRUCE J. McGIVERIN
                                                United States Magistrate Judge