IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) FRANCISCO NUECI-PENA<br>2) JOSE INEDUAR FONSECA-RAMIREZ<br>3) NAPOLEON CABRERA,<br>a/k/a Gabriel Zarate-Ramírez<br>4) OSCAR MESA-ZAMBRANO<br>**5) JAVIER MITCHELL HUNTER**<br>6) PEDRO SAFIR BELTRAN-ZAPATA<br>Defendants | CRIMINAL 07-0088CCC |

## SEALED ORDER

Before the Court is attorney Rafael Castro-Lang's Motion to Withdraw Legal Representation of defendant Javier Mitchell-Hunter (**docket entry 297**). This is the third attorney designated by the Court to represent defendant Mitchell-Hunter. The Order issued on January 29, 2009 (docket entry 279), granting the motion to withdraw as attorney filed by attorney Jorge Vega-Pacheco, the second Court-appointed counsel, and designating Mr. Castro-Lang, clearly admonished defendant that he was to provide full assistance to Mr. Castro-Lang in the preparation of his defense. This Order also made reference to a Memorandum of Law with Points and Authorities on "Sovereignty" of the People signed by Mr. Mitchell-Hunter on December 22, 2008 (docket entry 267) to which Mr. Vega-Pacheco made reference in his motion to withdraw. Although Mr. Mitchell-Hunter, if he so elects, can choose to represent himself in this case, and even though attorney Vega-Pacheco complained of his filing pro se motions, bypassing his advice and Mr. Castro-Lang had expressed that defendant is receiving advice from a jailhouse lawyer and/or conducting research on his own that results in confrontation, Mr. Mitchell-Hunter has never expressed a desire to be his own attorney. The Court has protected his right to counsel by continuing to assign Court-appointed attorneys since March 5, 2007, despite the protestations regarding defendant's conduct and lack of trust in their legal advice. In the Order relieving

CRIMINAL 07-0088CCC                                    2

Mr. Vega-Pacheco as CJA counsel, the Court stated that "[a]lthough there is no reason to believe that another attorney could defend him more diligently," Order at p. 2, the Court was nonetheless designating new counsel Rafael Castro-Lang as his legal representative. Mr. Castro-Lang's motion to withdraw states that defendant refuses to listen to his explanations of law, accuses him of being part of the prosecution, threatens him personally with lawsuits, and accuses him of forcing him to go to trial. He concluded that "[d]ue to the degree of confrontation that exists every time counsel goes to visit defendant, it is impossible to continue his legal representation." Motion at ¶ 5.

The Court has reasons to believe, given these circumstances, that the situation will not be resolved by appointing yet another attorney to represent defendant Mitchell-Hunter. The Court is also mindful that there is another defendant awaiting trial in this case and that the Supplemental Report and Recommendation filed by U.S. Magistrate-Judge McGiverin on May 7, 2009 (docket entry 305) recommending that the motion to reopen hearing and to supplement the motion to dismiss (docket entry 266) filed by defendant Mitchell-Hunter be denied is pending action by the Court.

Given the concerns of the Court regarding the fact that three highly competent attorneys have asked to withdraw as Mr. Mitchell-Hunter's Court-appointed counsel for reasons directly related to what they deem to be improper conduct on his part, and further considering the contents of the December 22, 2008 Memorandum (docket entry 267) addressed by Mr. Mitchell-Hunter to the undersigned, where he identified himself as "one of the Sovereign people, a private man on the land, non-combatant" and gave notice that failure of the undersigned to respond would result in "default," acceptance of the Points and Authorities as true and certain, and that "one of the 'We the people' as named below and his/her seal/signature is sovereign," Memorandum at p. 6, the Court has doubts whether defendant is able to properly assist in his defense. Although no motion to determine competency has been filed pursuant to 18 U.S.C. § 4241(a), the Court can neither disregard the fact that none of the three designated counsels have been able to assist him because of his behavior nor that the Memorandum mentioned above may be indicative that he is presently mentally unstable. Additionally, the fact that a §4241 motion was not filed may well respond to a lack of trust between defendant and his previous attorneys and the hostility

between them.  The only reasonable manner to clear these doubts is to order that a psychological evaluation of defendant Mitchell-Hunter be conducted by a forensic psychologist.

Accordingly, the Court appoints Dr. Carol Romey to evaluate defendant Javier Mitchell-Hunter's competence to stand trial, that is, whether he is able to understand the proceedings against him, to consult with his counsel and aid in his defense.  Defendant shall submit himself to such examination and no statement made by him in the course of the examination to determine mental competency shall be admitted in evidence against him on the issue of guilt in any criminal proceeding.  Pursuant to §4247(b), Mr. Mitchell-Hunter shall be examined for a reasonable period not to exceed thirty (30) days unless good cause is shown for an extension not to exceed fifteen (15) days.   Dr. Romey shall file the psychological report with the Court within thirty (30) days after conducting the examination which shall include (1) defendant's history and present symptoms, (2) a description of the psychiatric, psychological, and medical tests that were employed and their results, (3) the examiner's findings and (4) the examiner's opinions as to diagnosis, prognosis and whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Copies of the psychological report shall also be  provided to the U.S. Attorney, 350 Torre Chardón, Suite 1201, San Juan, P.R., 00918, and to defendant's counsel Rafael Castro Lang, P.O. Box 9023222, San Juan Station, San Juan, P.R., 00902-3222.

Additionally, the Court finds that this is not the proper moment to rule on Mr. Castro-Lang's Motion to Withdraw.  Accordingly, it is left in abeyance until the Court receives the psychological report to be filed with the Court pursuant to the provisions of 18 U.S.C. §4247(b) and (c).  The Supplemental Report and Recommendation filed on May 7, 2009 (docket entry 305) on the pending motion to reopen hearing and to supplement the motion

CRIMINAL 07-0088CCC                          4

o dismiss (docket entry 266) is also held in abeyance until the §4241 examination is conducted, and the Court considers the psychological findings and disposes of such matter.

SO ORDERED.

At San Juan, Puerto Rico, on May 21, 2009.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge